MADDOX, Justice.
This case comes to this Court on a Petition for Writ of Mandamus to Thomas E. Huey, Presiding Judge of the Tenth Judicial Circuit.
The facts, stated briefly, are as follows:
In July, 1974, petitioner was found guilty of violating what is now Code 1975, § 32-5-15 (Failure to obey a police officer). The Court of Criminal Appeals reversed her conviction and remanded the cause on the ground that there was no evidence that the order of the deputies was related to the direction, regulation or control of traffic as required by the statute. Coughlin v. State, 56 Ala.App. 225, 320 So.2d 739 (1975). Upon remandment, the case was nolle prossed. Petitioner then filed a complaint against Melvin Bailey, Jefferson County Sheriff, Deputy W. D. Ragland, and Tom Gloor, Jefferson County Commissioner. In four counts, she claimed damages for false arrest, malicious prosecution, abuse of process and negligence. The cause was tried before Judge G. W. Wright, designated as a Special Judge, and a jury, which returned a verdict in favor of all defendants on all counts. At this time, the petitioner continued legal proceedings pro se. She made a motion for new trial, which was denied.
She then filed an ex parte Writ of Error Coram Nobis. In this petition, she, for the first time, alleged, in effect, that the practice followed in the Birmingham Division of the Tenth Judicial Circuit of requiring the parties in a civil case to provide a court reporter to take down the testimony was illegal. She claimed that since she would have been provided with an official court reporter in any other court of record in Alabama, her constitutional rights guaranteed by sections 10 and 13 of the Alabama Constitution and amendments 5 and 14 of the Federal Constitution were violated.
Respondent contends that Section 12-17— 270, Code 1975, exempts the Tenth Judicial Circuit from the provisions of law that require the appointment of an official court reporter. Respondent argues:
“Petitioner certainly was able to preserve the trial testimony by procuring the services of a private court reporter, just like any other litigant in the Birmingham Division. In fact, she did have the service of a private reporter, hired at her request. This has been the standard operating procedure for years in the Birmingham courts since neither the Legislature nor this Court has imposed a duty upon the Tenth Judicial Circuit to hire a court reporter for petitioner or for any other litigant in the Circuit.”
It is not questioned that Mrs. Coughlin or her attorney paid the private reporter’s per diem fee of $600 for five days of testimony. It is also undisputed that the private reporter wrote to Mrs. Coughlin, prior to the time she filed her mandamus petition, the following:
“This will confirm my telephone conversation with you in which I told you we would prepare for you an appeal transcript in the above styled cause.
*293 “As I told you, before any work can commence on said transcript, we will need our fee in advance. As I am sure you can understand, we have expenses connected with the preparation of transcripts; and this will enable us to cover these expenses.
“As I discussed in a conversation with your son, we will be happy to prepare an original and three carbon copies of said transcript, though the estimate which I gave you of $2650.00 was for an original only of the transcript. The three carbon copies, total charge, will be an estimated $1100.00 extra. As I discussed with you, this is an estimate only; and should the total price be more than this amount, we will bill you at the completion of the transcript. If the total price is less than we estimated, we will refund any overage which is due you at the completion of the transcript.
“Please let us hear from you so that we may prepare the transcript for you in a timely fashion, as the allotted preparation time has already begun.”
After the mandamus petition was filed in this Court, the private court reporter wrote to Mrs. Coughlin, as follows:
“We offer to prepare the original only of an appeal transcript for you in the above styled cause if you will deposit with us the sum of $1,462.50. This amount has been calculated on the basis of our estimate of 1,250 pages at $1.65 a page, the rate provided for official reporters by Rule 40 of the Rules of Judicial Administration, less the $600.00 per diem we have been paid for five days attendance at the trial.
“It is my understanding that you will not need a copy, but if you want one copy, we ask that you deposit with us the additional sum of $625 (1,250 pages at $0.50 a page).
“Please understand that this is an estimate only, and that upon delivery of the transcript we will expect payment for the total actual pages at $1.65 a page for the original and $0.50 a page for one copy. If the total price calculated on this basis is less than your deposit, we will refund any overage due you on completion and delivery of the transcript.
“We make this offer for this case only and without prejudice to our position as to charges for our reporting services.” (A copy of this letter was sent to the Clerk of this Court.)
Respondent claims that the issues presented in the mandamus petition are moot because she has been offered the price for an appeal transcript charged by all “official” court reporters in the state. We have to agree. Petitioner, having appealed, is getting the same rate for the appeal transcript as litigants in any other circuit could get. If she desires an appeal transcript of the evidence, she would be required to pay the rates provided for by law; provided, of course, she did not desire to proceed on appeal as otherwise provided for by law or rule. See Rule 24 ARAP.
We hold that petitioner is not entitled to relief by her mandamus petition. Prior to the time she filed her petition for mandamus, she had appealed from the original judgment, and in view of the fact that she has been offered an appeal transcript at the same rate other litigants have to pay, and has been offered a credit of $600 which she paid during the trial of the case, we find that the relief she seeks by petition for mandamus should not be granted.
WRIT DENIED.
All the Justices concur.